IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.  No. 4:18-CR-00521-BRW
No. 4:23-CV-00783-BRW

MATTHEW BUNCH

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 77) is DENIED.

### I. BACKGROUND

On February 20, 2020, Defendant pleaded guilty to being a felon in possession of a firearm.[1] On July 29, 2020, Defendant was sentenced to four years of probation, with one year of home detention. Following a revocation hearing on March 9, 2022, Defendant's conditions were modified to include four months of inpatient drug treatment.[2] Defendant was unsuccessfully discharged from inpatient drug treatment on June 28, 2022. After a second revocation hearing, Defendant was sentenced to 36 months in prison.[3]

On August 24, 2023, Defendant filed a § 2255 motion alleging that he is actually innocent of being a felon in possession based on a recent Third Circuit opinion.

---

[1] Doc. No. 34.

[2] Doc. No. 58.

[3] Doc. No. 75.

## II.     DISCUSSION

Defendant argues that, because his felony convictions were non-violent drug offenses, 18 US.C. § 922(g)(1) is unconstitutional as applied to him.  On June 2, 2023, the Eighth Circuit Court of Appeals rejected this exact argument.[4]  Accordingly, Defendant's motion is meritless.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 77) is DENIED.

IT IS SO ORDERED this 24th day of August, 2023.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE

---

[4] *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023) (holding "that the district court was correct that § 922(g)(1) is not unconstitutional as applied to" a defendant with non-violent felony drug convictions).